# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>18.3 ACRES OF LAND, more or less situate in Klickitat County, State of Washington,<br><br>　　　　　　　　　Defendant. | NO: 1:12:CV-3151-RMP<br><br><br><br>FINAL JUDGMENT |

Upon consideration of the Stipulation of Just Compensation executed by the United States of America and all defendants herein at ECF No. 49, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that:

1. The parties' Stipulated Motion for Settlement and Stipulation of Just Compensation, **ECF No. 49**, is **GRANTED**.

2. The United States filed its Complaint in Condemnation (ECF No. 1) and Declaration of Taking (ECF No. 4), and then deposited $24,500 ("Deposit") into

FINAL JUDGMENT ~ 1

the Registry of the Court on December 12, 2012 (ECF No. 5). At that time, title to the property, as set forth in the Declaration of Taking, vested in the United States.

3. The subject property consists of easements over approximately 18.3 acres located in Klickitat County, Washington, as more particularly described in the Declaration of Taking filed herein ("subject property"). The underlying land is owned in fee simple by 101 Bar Ranch, LLC.

4. In order to settle this condemnation action, the parties agree that the just compensation payable by the United States for the taking of the property and estates described in the Declaration of Taking filed herein (ECF No. 4), together with all improvements thereon and appurtenances thereunto belonging, shall be the sum of $130,000 inclusive of interest, attorneys' fees, and costs. *See* ECF No. 49, Stipulation of Just Compensation.

5. Judgment shall be, and is hereby, entered against the United States in the amount of $130,000.

6. Two parties initially named in this suit, the Klickitat Public Utility District No. 1 and the County of Klickitat, Washington, have disclaimed any interest in the Property. ECF Nos. 43, 47. As such, these parties are not entitled to any distribution of the just compensation to be paid for the taking of the Property.

7. As the United States has previously deposited $24,500 as estimated just compensation, the deficiency amount between this amount and the agreed

FINAL JUDGMENT ~ 2

settlement of $130,000 is $105,500.  The United States shall pay into the Registry of the Court the deficiency amount of $105,500.  Should said deposit into the Registry not be made within 30 days of the entry of this order of judgment, any unpaid portion of the $105,500 deficiency shall accrue statutory interest for each day thereafter until deposited.

8. The said sum of $130,000 shall be full and just compensation and in full satisfaction of any and all claims of whatsoever nature against the United States by reason of the institution and prosecution of this action and taking of the said lands and all appurtenances thereunto belonging.

9. The said sum of $130,000 shall be subject to all liens, encumbrances, and charges of whatsoever nature existing against the said property at the time of vesting of title thereto in the United States and all such taxes, assessments, liens and encumbrances shall be payable and deductible from the said sum.

10. Defendant 101 Bar Ranch, LLC warrants that on the date of taking, it had exclusive right to the compensation herein, excepting the interest of parties having liens or encumbrances of record and unpaid taxes and assessments, if any, and that no other person or entity is entitled to the same or any part thereof.  In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the property taken in this case, 101 Bar Ranch, LLC, shall refund into the Registry of the Court the compensation

FINAL JUDGMENT ~ 3

distributed herein, or such part thereof as the Court may direct, with interest thereon calculated in accordance with the provision of 40 U.S.C. § 3116, from the date of the receipt of the deposit by Defendant to the date of repayment into the Registry of the Court.

11. The parties shall be responsible for their own legal fees, costs, and expenses (including attorney fees, consultants' fees, and any other expenses).

12. Upon the United States depositing the deficiency into the Registry of the Court, the Clerk of the Court shall, without further order of this Court, disburse to Defendant 101 Bar Ranch, LLC, with check payable to:

<u>Landerholm PS Trust Account for 101 Bar Ranch LLC</u>

at the following address:

> Bradley W. Andersen
> Landerholm PS
> 805 Broadway Street, Suite 100
> Vancouver, WA  98666

all sums on deposit in the Registry of the Court, together with any interest earned thereon while on deposit.

/ / /

/ / /

/ / /

/ / /

FINAL JUDGMENT ~ 4

1  13.  Following disbursement of the above sums to the Defendants, this case shall
2  be **CLOSED**.

3  This District Court Clerk is directed to enter this order and provide copies to
4  counsel and to Financial Specialist Sheri Wohl.

5  **DATED** this 19th day of February 2014.

　　　　　　　　　　　　　　　　　　*s/ Rosanna Malouf Peterson*
　　　　　　　　　　　　　　　　　ROSANNA MALOUF PETERSON
　　　　　　　　　　　　　　　　Chief United States District Court Judge

FINAL JUDGMENT ~ 5